UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Eduardo Lopez-Vargas, | ) | |
|---|---|---|
| | ) | C/A No. 0:17-cv-03478-DCC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| B. Antonelli, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 18. Plaintiff filed a Response in Opposition. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 30, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. ECF No. 26. Petitioner filed objections to the Report. ECF No. 28.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In this action, Petitioner seeks a grant of retroactive designation that his state sentence and his federal sentence are to run concurrent. The Magistrate Judge determined that the Bureau of Prisons did not abuse its discretion in denying his nunc pro tunc request. In his objections, Petitioner contends that the affidavit of Jan Stopps references an attachment 8 which is not attached to the affidavit; accordingly, he asserts that it was error for Stopps to conclude that the judgment was filed as a detainer. ECF No. 28. He requests that this Court delay judgment until he receives a copy of the judgment in his underlying criminal case. *Id*.

Upon review of the record, the Court finds that attachment 8 is indeed attached to the affidavit of Jan Stopps. Further, attachment 8 appears to be a true and correct copy of the judgment in Petitioner's federal criminal case. The Court agrees with Stopps's statement that the judgment is silent as to any relationship with the state action. Accordingly, the Court overrules Petitioner's objection and finds that it is unnecessary to delay the resolution of this case.

Although Petitioner filed limited specific objections, in light of his pro se status, the Court has conducted a de novo review of the record and agrees with the recommendation of the Magistrate Judge. Petitioner has provided no evidence that the Bureau of Prisons abused its discretion in reaching its decision; thus, Petitioner is not entitled to federal habeas relief.

## CONCLUSION

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment [18] is **GRANTED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 5, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.